UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLESETTA MOORE SR., | Case No. 2:24-cv-02448-DAD-CSK |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CYRUS YOUSSEFI, et al., | (ECF Nos. 1, 2) |
| Defendants. | |

Plaintiff Charlesetta Moore Sr. is representing herself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the reasons that follow, the Court recommends Plaintiff's IFP application be denied, and the Complaint be dismissed without leave to amend.

I.  **MOTION TO PROCEED IN FORMA PAUPERIS**

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,060.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

Here, Plaintiff's IFP application does not make the financial showing required by 28 U.S.C. § 1915(a). Plaintiff's IFP application indicates during the past 12 months, Plaintiff has received "Disability, or worker's compensation payments." ECF No. 2 at 1 ¶ 3. Plaintiff does not disclose the amount she receives in income from this source. Though the Court cannot make a determination whether Plaintiff qualifies for in forma pauperis status based on her current IFP application, the Court will recommend Plaintiff's IFP application be denied because the action is facially frivolous and meritless.

"'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because it appears from the face of Plaintiff's Complaint that this action is

frivolous and is without merit as discussed in more detail below, the Court recommends Plaintiff's IFP motion be denied.

## II. SCREENING REQUIREMENT

Even if the Court were to grant Plaintiff's IFP application, Plaintiff's Complaint warrants dismissal pursuant to 28 U.S.C. § 1915(e)'s required pre-answer screening. Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See id*. at 326-27; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the

complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

## III.   THE COMPLAINT

Plaintiff's Complaint uses the fillable form complaint and names the following Defendants: "Cyrus Youssefi" and "Raisa Cruz." Compl. at 3 (ECF No. 1). Plaintiff does not assert a basis for federal court jurisdiction. *Id*. at 4. Plaintiff also does not list a short and plain statement of her claims. *Id*. at 6. Instead, Plaintiff refers the Court to various attachments, including state court forms such as a "Petition for writ (small claims)" (Compl. at 7-13) and a "Request to Correct or Cancel Judgment and Answer (small claims)" (Compl. at 14-15) that allege the small claims judgment was based on legal error. The Complaint also attaches a civil cover sheet that describes Plaintiff's causes of action as "bad faith, harassment, discrimination, abuse." ECF No. 1-1. Although not entirely clear, it appears Plaintiff requests to "correct or cancel [the small claims] judgment." Compl. at 11.

## IV.   DISCUSSION

### A.   Lack of Subject Matter Jurisdiction

The Court lacks subject matter jurisdiction over this action. Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed

$75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

The Complaint does not establish the Court's subject matter jurisdiction. *See* Compl. The Complaint states no basis for federal court jurisdiction, and none is apparent. No federal cause of action is asserted, and no federal claims are suggested by the facts, to the extent the facts are discernible. This action involves a state court small claims matter involving purely state law issues. *See* Compl. The Complaint also fails to establish diversity jurisdiction. Plaintiff fails to state the amount in controversy and does not establish complete diversity of citizenship. On the face of the Complaint, all parties appear to be citizens of California. *See* Compl. at 3. The Complaint identifies that both Plaintiff's and Defendants' addresses are in California. Compl. at 3; *see Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."). Because the Court lacks jurisdiction over this action, it should be dismissed without leave to amend.

### B.    The *Rooker-Feldman* Doctrine

Even if the Complaint raised a federal question or diversity jurisdiction, the Complaint should be dismissed without leave to amend under the *Rooker-Feldman* doctrine, which prohibits federal district courts from exercising jurisdiction over "a de facto appeal of a state court decision." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013); *see Dist. Ct. of App. v. Feldman*, 460 U.S. 462, 482-86 (1986); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). "[T]he *Rooker-Feldman* doctrine bars suits 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 284 (2005)). "A de facto appeal exists when 'a federal plaintiff asserts as a legal wrong an

5

1 allegedly erroneous decision by a state court, and seeks relief from a state court
2 judgment based on that decision.'" *Bell*, 709 F.3d at 897 (quoting *Noel v. Hall*, 341 F.3d
3 1148, 1164 (9th Cir. 2003)). If the federal action constitutes a de facto appeal, district
4 courts are barred from deciding not only the issues decided by the state court, but also
5 any other issues that are "inextricably intertwined" with an issue resolved by the state
6 court's decision. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1142 (9th Cir. 2004) (citing
7 *Noel*, 341 F.3d at 1158).

8 It is clear that both elements of a de facto appeal under the *Rooker-Feldman*
9 doctrine are present in Plaintiff's Complaint. First, Plaintiff asserts the "temporary judge"
10 that decided her small claims action in state court "made a legal error" in applying
11 California law and ruling that Plaintiff was not owed any money by Defendants. Compl. at
12 9-11. Plaintiff is therefore asserting the state court made an erroneous decision in its
13 review of her small claims action. *See Noel*, 341 F.3d at 1164 (*Rooker-Feldman* bar
14 applies when the "federal plaintiff [is] complaining of legal injury caused by a state court
15 judgment because of a legal error committed by the state court"). Second, Plaintiff seeks
16 to have the small claims judgment "correct[ed]" or "cancel[led]." Compl. at 11, 14-15.
17 Plaintiff is therefore seeking relief from the state court's judgment. *See Noel*, 341 F.3d at
18 1164.

19 The Court also does not find the narrow exception to the *Rooker-Feldman*
20 doctrine is applicable. A narrow exception to the *Rooker-Feldman* doctrine applies
21 "where a party alleges extrinsic fraud by an adverse party in procuring a state court
22 judgment…because such a claim does not challenge the state court decision directly."
23 *Benavidez v. Cnty. of San Diego*, 933 F.3d 1134, 1143 (9th Cir. 2021). Here, Plaintiff
24 does not make any specific allegation of fraud on the state courts by the other parties in
25 the state court action, rather, Plaintiff alleges in a conclusory fashion that the state court
26 acted in bad faith and erred in its decision and application of state law. *See* Compl. at 8-
27 9, 11, 14-15. As such, the Court does not find the extrinsic fraud exception is present
28 here. Therefore, Plaintiff's action is barred by the *Rooker-Feldman* doctrine and the

Court recommends that this action should be dismissed in its entirety. *See deRosier v. Longaker*, 551 F. App'x 362 (9th Cir. 2014) (affirming dismissal where plaintiff brought "forbidden de facto appeal" that raised constitutional claims "inextricably intertwined" with state court small claims judgment).

### C.  Failure to Comply with Federal Rule of Civil Procedure 8

Plaintiff's Complaint also does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). The Court is unable to discern what causes of action Plaintiff intends to bring. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The Complaint therefore fails to state a claim on which relief may be granted and is subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### D.  Leave to Amend

In considering whether leave to amend should be granted, the Court finds that the Complaint is without merit and consists entirely of allegations with no basis in law. *See generally* Compl. The Complaint does not contain facts supporting any cognizable legal claim against Defendants. In light of the Court's lack of subject matter jurisdiction and the Complaint's deficiencies, granting leave to amend would be futile. The Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

/ / /

/ / /

**V.    CONCLUSION**

Based upon the findings above, it is RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;
2. The Complaint be DISMISSED without leave to amend; and
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  March 28, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, moor2448.24