UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLESETTA MOORE, SR., | No. 2:24-cv-02448-DAD-CSK (PS) |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THIS ACTION, AND DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AS MOOT |
| CYRUS YOUSSEFI, et al., | |
| Defendants. | |
| | (Doc. Nos. 2, 4, 8) |

Plaintiff Charlesetta Moore, Sr., proceeding *pro se* in this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 28, 2025, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) be denied[1] and the plaintiff's complaint be dismissed because the action is "facially frivolous and meritless." (Doc. No. 4 at 2–3.) Specifically, the magistrate judge concluded that plaintiff did not state a basis for subject matter jurisdiction in her complaint, did not allege the citizenship of the parties,

---

[1] The court notes that the assigned magistrate judge concluded that plaintiff's motion was also deficient because plaintiff did not disclose the amount she receives in income. (Doc. No. 4 at 2.) Plaintiff has subsequently filed a separate motion to proceed *in forma pauperis* in which she makes the required income disclosure. (Doc. No. 8 at 1.) Nevertheless, because the court will dismiss plaintiff's complaint, the court will deny this motion as moot as well.

1 and only alleged facts related to a small claims matter before a California court which involved
2 purely state law issues.  (*Id.* at 4–5.)  The magistrate judge further found that, even if plaintiff's
3 complaint did provide a basis for subject matter jurisdiction, plaintiff alleges in her complaint
4 only that the state court decision was erroneous and, accordingly, is presenting a *de facto* appeal
5 from a state court ruling to this federal court which is barred by the *Rooker-Feldman* doctrine.
6 (*Id.* at 5–6.)  The magistrate judge concluded that, based on these deficiencies, granting leave to
7 amend would be futile.  (*Id.* at 7.)

8     The pending findings and recommendations were served on the parties and contained
9 notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at
10 8.)  On May 6, 2025, plaintiff filed a notice of appeal of the pending findings and
11 recommendations which the undersigned construes as plaintiff's objections to those findings and
12 recommendations.  (Doc. No. 5.)

13     In her notice of appeal, plaintiff states that her case was "dismissed the same day I filed"
14 and that this denied her due process.  (*Id.* at 1.)  However, plaintiff filed her complaint on
15 September 9, 2024 while the pending findings and recommendations were not issued until March
16 28, 2025.  (Doc. Nos. 1, 4.)  In any event, this objection fails to provide any basis under the law
17 on which to reject the pending findings and recommendations.

18     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
19 *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the
20 findings and recommendations are supported by the record and by proper analysis.

21     Accordingly,
22     1.    The findings and recommendations issued on March 28, 2025 (Doc. No. 4) are
23         adopted in full;
24     2.    This action is dismissed without leave to amend;
25 /////
26 /////
27 /////
28 /////

3. Plaintiff's motions to proceed *in forma pauperis* (Doc. Nos. 2, 8) are denied as moot;

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **May 21, 2025**

                                      DALE A. DROZD
                                      UNITED STATES DISTRICT JUDGE